UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL J. PRESUTTI | ) | Case No. 6:09-bk-17412-KSJ |
| ALICIA R. PRESUTTI, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## **MEMORANDUM OPINION SUSTAINING DEBTORS' OBJECTION TO CLAIM 22**

The debtors, Michael and Alicia Presutti, object to Claim 22 filed by Nash Construction, Inc. (Doc. No. 66). Both Nash Construction and another secured creditor, Fifth Third Mortgage Company, filed responses (Doc. Nos. 72 and 81). For the reasons explained in this opinion, the debtors' objection to Nash's claim is sustained.

On June 5, 2007, at 12:33:50 p.m., Fifth Third recorded a first mortgage on the debtors' homestead property located in Oviedo, Florida (the "Property). Upon recordation, the mortgage was stamped with official register number 20070826*30*. At exactly the same second (June 5, 2007, at 12:33:50 p.m.), a general contractor who was building the debtors' home, Diversified Design, recorded a Notice of Commencement on the Property. Upon recordation, the Notice of Commencement was stamped with the next consecutive official register number 20070826*31*. Therefore, the mortgage bears the lower registration number. On October 22, 2007, Nash Construction, Inc., relying on the Notice of Commencement, recorded a Claim of Lien against the Property.

On November 13, 2009, the debtors filed this Chapter 13 bankruptcy case (Doc. No. 1). On December 10, 2009, Fifth Third filed Claim 2 in the amount of $496,380.01 as a first priority secured claim against the Property. On December 15, 2009, debtors filed a Motion for Valuation

of Collateral (Doc. No. 19) of the Property, asking the Court to value the Property at $382,000.00. On January 12, 2010, this Court granted the debtors' motion (Doc. No. 26).

On March 11, 2010, Nash filed Claim 22 in the amount of $53,627.52, also asserting a first priority secured claim against the Property. Nash argues that because it filed its Claim of Lien at the exact second Fifth Third filed its mortgage, both claims are entitled to equal or *pari passu* priority. The debtors object to Nash's claim, arguing that Nash's claim is subordinate to that of Fifth Third and, given the lack of equity, is totally unsecured (Doc. No. 66).

The issue before this Court is whether Nash is entitled to a secured claim against the Property with equal priority to Fifth Third because the date stamps on the recorded mortgage and Notice of Commencement both indicate that recordation occurred simultaneously, on June 5, 2007, at 12:33:50 p.m. Under Section 695.11 of the Florida Statutes, when two instruments are filed at the same time, the official register number determines priority. Therefore, Fifth Third's mortgage is entitled to priority over Nash's claim because the recording stamp on the mortgage bears the official register number of 20070826*30*, which is lower than the official register number stamped on the Notice of Commencement, which is 20070826*31*.

Section 695.11 of the Florida Statutes states as follows:

> All instruments which are authorized or required to be recorded in the office of the clerk of the circuit court of any county in the State of Florida, and which are to be recorded in the "Official Records" as provided for under s. 28.222, and which are filed for recording on or after the effective date of this act, shall be deemed to have been officially accepted by said officer, and officially recorded, at the time she or he affixed thereon the consecutive official register numbers required under s. 28.2222, and at such time shall be noted to all persons. **The sequence of such official numbers shall determine the priority of recordation. An instrument bearing the lower number in the then-current series of numbers shall have priority over any instrument bearing a higher number in the same series.**

(Emphasis added). There is a dearth of case law addressing the present issue. However, persuasive authority follows the plain meaning of the statute and holds that, where two parties

have recorded an instrument at the exact same date and time, the instrument with the lower official registration number issued by the clerk of court has priority over the instrument with the higher official registration number. *Martinez v. Reyes*, 405 So. 2d 468, 469 (Fla. 3rd DCA 1981). While this rule may produce a harsh result, "there must be some manner of distinguishing among liens on the same piece of property, and [the Florida Legislature] has chosen the method prescribed in Section 695.11." *Id.*

The Court relies upon Fla. Stat. 695.11 and the decision of the Florida state court in *Martinez* to sustain the debtors' objection to Nash Construction's claim. Nash is not entitled to a secured claim with priority equal to Fifth Third's secured claim against the Property. Nash's claim is allowed in full as an unsecured claim. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on July 6, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtors: Michael J. Presutti and Alicia R. Presutti, 980 Elm Street, Oviedo, FL  32765

Counsel for the Debtors: Frank M. Wolff, Wolff Hill McFarlin & Herron, PA, 1851 W. Colonial Drive, Orlando, FL  32804

Ch. 13 Standing Trustee: Laurie K. Weatherford, P.O. Box 3450, Winter Park, FL  32790

Nash Construction, Inc., Attn: Bart R. Saunders, Esquire, Saunders & Saunders, P.A., 7232 W. Sand Lake Road, Suite 202, Orlando, FL  32819

Fifth Third Mortgage Company, c/o Josh D. Donnelly, Law Offices of Daniel C. Consuegra, 9204 King Palm Drive, Tampa, FL  33619-1328